IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JANET LANCON,** | § § § § | |
| **Plaintiff** | § § | **CIVIL ACTION NO. _____** |
| VS. | § § | **JURY DEMANDED** |
| **WAL-MART STORES TEXAS, LLC,** | § § § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Janet Lancon complains of Defendant Wal-Mart Stores Texas, LLC and would respectfully show that:

### I.

### Nature of the Lawsuit

1. This is an action for damages arising out of Plaintiff's personal injuries, resulting from a fall that occurred on Defendant's premises located at 20310 US Highway 59 in New Caney, Texas, on May 18, 2020.

### II.

### Parties

2. Plaintiff Janet Lancon is a citizen of the United States, and at the time of the incident was a resident of the Southern District of Texas.

3. Defendant Wal-Mart Stores Texas, LLC is a limited liability company, formed in the State of Arkansas, and authorized to do business in the State of Texas. Said Defendant may be

served by and through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000, and there is complete diversity between the parties.

5. Venue is proper in the Southern District of Texas, given that the facts and circumstances surrounding this lawsuit took place in New Caney, Montgomery County, Texas.

## IV.

## Factual Background

6. This lawsuit is necessary as a result of personal injuries that Plaintiff Janet Lancon sustained on or about May 18, 2020.

7. On that date, Plaintiff went to Wal-Mart Supercenter #6579, located at 20310 US Highway 59 in New Caney, Texas to do some shopping.

8. Plaintiff became injured when she tripped and fell due to the negligent placement of barricades by Defendant's employees.

9. As the premises owner, Defendant had the duty and responsibility to eliminate and/or warn business invitees of unreasonably dangerous conditions on the premises.

10. As a result of the incident, Plaintiff sustained serious bodily injuries and damages.

11. Plaintiff's injuries and damages are a direct result of an unreasonably dangerous condition on Defendant's premises that Defendant and/or its agents, servants, and/or employees created, knew, or in the exercise of ordinary care should have known existed. Notably, there were no warning signs or notices to alert Plaintiff about the dangerous condition.

## V.

## Causes of Action

*Negligence*

12. Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Placed barricades such that the stabilizers stuck out and created a tripping hazard for invitees;
- Failed to properly maintain the premises, suitable for the ordinary use of invitees;
- Failed to exercise reasonable care to reduce or eliminate the dangerous condition on the premises;
- Failed to exercise reasonable care to avoid a foreseeable risk of injury;
- Failed to properly train and supervise their employees;
- Failed to provide a reasonably safe environment for invitees;
- Failed to give adequate warning to invitees;
- Failed to inspect the premises for hazardous conditions that may cause injury; and
- Other acts so deemed negligent.

13. As a result of Defendant's negligence, Plaintiff suffered severe physical injuries, for which she is entitled to recover monetary damages.

*Premises Liability*

14. Plaintiff was an invitee at the time of the incident because she was a paying customer at Defendant's establishment. Plaintiff was present on Defendant's premises with Defendant's knowledge and for the mutual benefit of both.

15. Defendant owned, occupied and/or controlled the area where Plaintiff was injured. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably

dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

16. Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Thus, Defendant owed Plaintiff a duty to use reasonable care in maintaining its premises in a safe condition by inspecting the property for any dangerous condition and by making safe any latent defect or giving warning of any defect.

17. Plaintiff tripped and fell over the stabilizers on barriers near the entrance that were placed there by Defendant's employees and/or at Defendant's direction. The barriers were placed in such a way that the stabilizers were in the immediate vicinity of Defendant's customers and business invitees. Further, the barriers were gray and blended in with the surrounding pavement and sidewalks.

18. Defendant had actual or constructive knowledge of the dangerous condition on its premises.

19. Defendant breached its duty by failing to warn Plaintiff of the unreasonably dangerous condition and/or by failing to make the unreasonably dangerous condition reasonably safe.

20. Defendant's breach of its duties proximately caused Plaintiff's injuries and damages.

## VI.

## Damages

21. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious bodily injuries, including a broken femur. Plaintiff will show she sustained physical pain and suffering, physical impairment, mental anguish, disfigurement, lost wages, and loss of earning capacity, and in reasonable probability will continue to sustain such damages in the future. Plaintiff also incurred medical and pharmaceutical expenses for treatment of her injuries, and in

reasonable probability will continue to sustain medical and pharmaceutical expenses for treatment of her injuries in the future.

## VII.

## Jury Demand

22. Plaintiff hereby demands a trial by jury in this case.

## VIII.

## Designated Service E-mail Address

23. The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to the Federal Rules of Civil: service@brueralaw.com.  This is the undersigned's *only* e-service e-mail address, and service through any other e-mail address will be considered invalid.

## IX.

## Prayer

24. For the reasons elaborated above, Plaintiff prays that this Court cite Defendant to appear and answer herein and that upon trial of this case that Plaintiff have judgment against Defendant and recover all damages allowed by law, prejudgment and post-judgment interest, costs of court, and such other and further relief that she may show herself to be justly entitled.

Respectfully submitted,

BRUERA LAW FIRM, PLLC

*/s/ Sofia E. Bruera*
SOFIA E. BRUERA
State Bar No. 24062189
3100 Timmons Lane, Suite 310
Houston, Texas 77027
Telephone:  (832) 430-4000
Facsimile:  (832) 558-3523
Email:  sofia@brueralaw.com
Service email*:  service@brueralaw.com
*****E-service is only accepted at the above-designated e-service e-mail address.**

**ATTORNEYS FOR PLAINTIFF**